UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


FREDY RAMIRO DOMINGO ORDONEZ,

       Petitioner,

v.                                Case No. 3:26-cv-1447-MMH-MCR

WARDEN, FLORIDA BAKER
CORRECTIONAL INSTITUTION, et al.,

       Respondents.

_____

**ORDER**

**I. Status**

Petitioner Fredy Ramiro Domingo Ordonez, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1; Petition) on June 1, 2026.[1] The Federal Respondents filed a Response to Petition for Writ of Habeas Corpus (Doc. 7; Response) with exhibits (Doc. 7-1). Ordonez filed a Reply (Doc. 9; Reply). This case is ripe for review.

---

[1] Ordonez also filed an Ex Parte Application for Temporary Restraining Order (Doc. 2). On June 4, 2026, the Court granted in part Ordonez's request for a temporary restraining order and enjoined Respondents from removing him from the Middle District of Florida through June 18, 2026. See Temporary Restraining Order (Doc. 5). The Court also notified the parties that it would consolidate consideration of the construed request for a preliminary injunction with an adjudication of the Petition on the merits and set a briefing schedule. See id.

## II. Ordonez's Petition

Ordonez, a citizen of Guatemala, entered the United States in August 2021. Petition at 4. Ordonez asserts that he has a pending application for asylum, and based on that application, he was granted an employment authorization document valid until June 23, 2029. Id. at 5. On May 14, 2026, following a traffic stop, United States Immigration and Customs Enforcement detained Ordonez. Id.  The crux of Ordonez's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and therefore, he is entitled to a bond hearing. See id. at 7–8. As relief, he requests, inter alia, immediate release. Id. at 9

## III. Exhaustion

The Federal Respondents recognize that Ordonez "should" receive an individualized bond hearing based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Response at 1. Nevertheless, the Federal Respondents argue that Ordonez has not exhausted his administrative remedies, and therefore, they ask the Court to dismiss Ordonez's Petition. Id.

2

The Court turns first to the question of exhaustion. A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense. Id. at 474–75.

It appears Ordonez has failed to exhaust his administrative remedies because he has not requested a bond redetermination before an immigration judge. Contrary to the context in which the Court previously excused a failure to exhaust by requesting a bond redetermination, before Ordonez filed the Petition, the Eleventh Circuit concluded that noncitizens detained within the interior of the United States, such as Ordonez, are entitled to a bond hearing. And the Board of Immigration Appeals (BIA) "is obliged to apply the precedent of the relevant court of appeals in cases arising within the associated circuit— even if the Attorney General or the BIA itself disagrees with that precedent." Garcia v. Garland, 73 F.4th 219, 230 n.7 (4th Cir. 2023); see also Stevens v. Osuna, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate courts." (citation omitted)). As such, the Court is no longer persuaded, without more, that a request for a bond redetermination would be

futile or "predetermined." Therefore, the Petition is due to be dismissed without prejudice for failure to exhaust.

Accordingly, it is **ORDERED**:

1.    Ordonez's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**.

2.    Respondent Warden's Motion to Dismiss (Doc. 8) is **DENIED as moot**.

3.    The **Clerk** is directed to terminate any motions, enter judgment dismissing the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of June, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 6/17
c:
Fredy Ramiro Domingo Ordonez, A220237506
Counsel of Record

4